WILLIAM GRESHAM, ALIAS WM. GRESHAM MOORE, *v.* R. P. GRESHAM ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—690.]

**Application for Revivor.**

In no case can an application for a revivor be made after the expiration of one year and a half; and where such an application is made after that time it should be struck from the docket.

Title by Adverse Possession.

    Where one purchases land at an execution sale and receives a deed from the officer regularly executed and recorded, and thereafter occupies and claims the land as his own for more than fifteen years, it is clear that his holding is adverse, and the statute of limitations applies and is conclusive, and his title is good.

## APPEAL FROM ROCKCASTLE CIRCUIT COURT.

March 16, 1882.

OPINION BY JUDGE HARGIS:

In no case can an application for a revivor under the provisions of the code be made after the expiration of one year and six months, and as more than that period of time had elapsed when the application, by petition, for a revivor in the case of *R. P. Gresham v. Wm. Gresham's Admr.* was made, the court properly struck the action from the docket. This, however, should have been done without prejudice to the rights of R. P. Gresham in a proper action upon the merits.

But he is not injured by the judgment, because the judgment on the compromise between him and the appellant embraces the loss for which R. P. Gresham instituted this action, to recover the value thereof by reason of the entry of it and subsequent sale thereof to the railroad.

The deed of 1833, from the commissioner, embraces the 400 acres of land owned by Uriah Gresham, but William and Taylor Gresham bought the land as his agents and for his benefit, and afterwards received a negro in payment to them of what they had expended on the purchase. They never made any claim to the land for more than thirty years. During this period R. P. Gresham had become the purchaser of it at an execution sale, and was invested with title by deed from the officer, regularly executed and recorded, and thereafter occupied and claimed the land as his own for more than fifteen years. The proof is clear that his holding was adverse, and the statute of limitations applies and is conclusive.

Wherefore the judgment is *affirmed* on the original and cross-appeal.

    *R. M. & W. O. Bradley, for appellant.*

    *Wm. Lindsay, Welsh & Saufley, S. M. Burdett, for appellees.*